10-2464-ag
Huang v. Holder

BIA
Nelson, IJ
A088 530 588

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

KE YUN HUANG,
        *Petitioner,*

        v.                                  10-2464-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Greg Mack, Senior
                       Litigation Counsel; Wendy Benner-
                       León, Trial Attorney, Office of
                       Immigration Litigation, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ke Yun Huang, a native and citizen of China, seeks review of the June 9, 2010, decision of the BIA affirming the September 18, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ke Yun Huang*, No. A088 530 588 (B.I.A. June 9, 2010), *aff'g* No. A088 530 588 (Immig. Ct. N.Y. City Sept. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may,

2

considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. In finding Huang not credible, the agency reasonably relied in part on his omission from his asylum application of his claim that he was handcuffed for 80 minutes while in detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Although we have recognized that asylum applicants are not required to list every incident or provide every detail in their asylum applications because the application form provides only limited space for an applicant to describe his claim, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006); *see also Secaida-Rosales v. INS*, 331 F.3d 297, 306 (2d Cir. 2003), *superseded by statute on other grounds as recognized in Xiu Xia Lin*, 534 F.3d at 163-64, the IJ reasonably rejected Huang's explanation that he was unable to include many details in his application as he

3

attached a two page detailed statement in support of his application and he provided other inconsistent explanations for the omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)*; see also Xiu Xia Lin*, 534 F.3d at 163-64. We further find no error in the agency's determination that Huang's account of his escape from detention was implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii)*; see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Thus, the agency's adverse credibility determination was supported by substantial evidence and provided an adequate basis for denying Huang's application for asylum, withholding of removal, and CAT relief because those claims all were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4